OPINION
{¶ 1} Defendant, Michael Satterfield, failed to pay his court-ordered child support for a total of at least twenty-six weeks out of the one hundred and four consecutive weeks between September 1, 2004 and August 31, 2006. As a result, Defendant was indicted by the Darke County grand jury on one count of non-support of his dependents, R.C. 2919.21 *Page 2 
(B),(G)(1), a felony of the fifth degree. Defendant's case was tried to the court. At trial Defendant admitted the elements of the offense and attempted to establish the affirmative defense in R.C. 2919.21(D), which the trial court rejected. Defendant was found guilty as charged. The trial court sentenced Defendant to a six month prison term and ordered restitution to the victim in the amount of $4,673.56.
 {¶ 2} Defendant timely appealed to this court from his conviction and sentence. On October 11, 2007, we granted a stay of execution of Defendant's six month sentence pending resolution of this appeal.
 {¶ 3} Defendant's appellate counsel has filed an Anders brief,Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that she could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300.
 {¶ 4} Defendant's appellate counsel raises two possible issues for review.
 FIRST ASSIGNMENT OF ERROR *Page 3 
 {¶ 5} "THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983), 20 Ohio App.3d 172, 175:
 {¶ 7} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v.Thompkins, supra.
 {¶ 8} In order to find that a manifest miscarriage of justice occurred, an appellate court must conclude that a guilty verdict is "against," that is, contrary to, the manifest weight of the evidence presented. See, State v. McDaniel (May 1, 1998), Montgomery App. No. 16221. The fact that the evidence is subject to different interpretations on the matter of guilt or innocence does not rise to that level. *Page 4 
 {¶ 9} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. State v.DeHass (1967), 10 Ohio St.2d 230. In State v. Lawson (August 22, 1997), Montgomery App. No. 16288, we observed:
 {¶ 10} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id., at p. 4.
 {¶ 11} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 12} Defendant argues that his conviction for non-support of his dependents is against the manifest weight of the evidence because he proved the affirmative defense in R.C. 2919.21(D) by a preponderance of the evidence. That section *Page 5 
provides:
 {¶ 13} "It is an affirmative defense to a charge of failure to provide adequate support under division (A) of this section or a charge of failure to provide support established by a court order under division (B) of this section that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means."
 {¶ 14} In support of his contention that he presented sufficient evidence to prove the affirmative defense in R.C. 2919.21(D), Defendant points out that during the one hundred and four week period covered by the indictment, there were periods of time when he suffered serious injuries and illnesses and could not work. While Defendant was unable to provide the full amount of child support ordered by the court during those periods, he did nevertheless make partial payments toward his child support obligation, often using unemployment checks he received. With respect to those periods when Defendant was injured and could not work, on December 26, 2004, Defendant broke his neck in a car accident. As a result he was required to wear a neck brace for three months and could not work during that period. On October 10, 2005, Defendant broke his neck again, this time in a work-related *Page 6 
accident. In November 2005, Defendant contracted pneumonia and was hospitalized and unable to work. In July 2006, Defendant was hospitalized with shingles and could not work.
 {¶ 15} A review of the trial record reveals that even if Defendant's failure to pay the full amount of his child support was excused for those periods of time during which Defendant was unable to work due to injury or illness, and accordingly he made only partial payments toward his child support obligation during the periods of December 2004 through March 2005, October and November 2005, and July 2006, Defendant nevertheless failed to pay the full amount of his court-ordered child support for more than twenty-six weeks out of the one hundred and four week period covered by the indictment. Under those circumstances, we agree with the trial court that Defendant's periods of ill health when he could not work by no means account for the entire period of his non-payment of child support, and therefore the affirmative defense in R.C. 2919.21(D) does not provide Defendant with a complete defense to the charges in this case.
 {¶ 16} Reviewing this record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the factfinder (the trial court) lost its way, or that a manifest *Page 7 
miscarriage of justice has occurred. Defendant's conviction is not against the manifest weight of the evidence because the affirmative defense in R.C. 2919.21(D), at best, only provides Defendant with a defense to his non-payment of child support for a small portion of the two year period covered by the indictment. It does not provide Defendant with a complete defense to the charges that he failed to pay child support for a total of twenty-six weeks out of the one hundred and four weeks covered by the indictment. This assignment of error lacks arguable merit.
SECOND ASSIGNMENT OF ERROR
 {¶ 17} "THE SENTENCE THE TRIAL COURT IMPOSED WAS UNREASONABLE."
 {¶ 18} Defendant was found guilty of non-support of his dependents, R.C. 2919.21(B), a felony of the fifth degree. R.C. 2919.21(G)(1). The possible penalty for a felony of the fifth degree is a prison term of six to twelve months. R.C. 2929.14(A)(5). The trial court sentenced Defendant to the minimum term of six months. In imposing sentence, the trial court afforded Defendant his right of allocution, Crim.R. 32(A), and considered the presentence investigation report, the purposes and principles of felony sentencing, R.C. 2929.11, and the seriousness and recidivism factors, R.C. *Page 8 2929.12. The trial court stated in its judgment entry:
 {¶ 19} "The Court further finds that community control sanctions would demean the seriousness of the offender's conduct and its impact on the victim; that a sentence of imprisonment is commensurate with the seriousness of the offender's conduct and its impact on the victim; and that a prison sentence does not place an unnecessary burden on the state governmental resources. The offense is more serious; recidivism is likely. Prison accomplishes the principles and purposes of sentencing."
 {¶ 20} The trial court's six month sentence is neither contrary to law nor an abuse of discretion. This assignment of error lacks arguable merit.
 {¶ 21} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed. The stay of execution of Defendant's sentence that was ordered on October 11, 2007, will be vacated.
 BROGAN, J. and DONOVAN, J., concur. *Page 1